Argued October 21, decided December 1, 1908, rehearing denied January 19, 1909.

### LONG *v.* CITY OF PORTLAND.

[98 Pac. 324; 98 Pac. 1111.]

CONSTITUTIONAL LAW—SELF-EXECUTING PROVISION.

1. Section 1a, Article IV, Constitution of Oregon, reserving the initiative and referendum powers to the voters of every municipality as to municipal legislation to be exercised in the manner prescribed by general laws, is not self-executing, as it does not lay down the rules by means of which the right reserved may be given the force of law.

MUNICIPAL CORPORATIONS—REFERENDUM—CHARTERS.

2. The right of the referendum reserved to the voters of every municipality by Section 1a, Article IV, Constitution of Oregon, is reserved to the voters of a city regardless of any provision in the charter thereof, and it is superior to the charter, and the provision amounts to an amendment of the charter, and is sufficient authority for legislation necessary to give it effect.

CONSTITUTIONAL LAW—STATUTES—VALIDITY.

3. A statute called for by a constitutional provision is not unconstitutional because it conflicts with some other constitutional provision.

MUNICIPAL CORPORATIONS—REFERENDUM—STATUTES—VALIDITY.

4. Act February 25, 1907 (Laws 1907, p. 398), providing for the carrying into effect of the initiative and referendum powers reserved by Sections ʻ1, 1a, Article IV, Constitution of Oregon, is not an amendment of the Portland city charter, within Section 2, Article XI, Constitution of ° Oregon, prohibiting the legislature from amending any municipal charter, but suspends the operation of the charter, and an ordinance of the city on which the referendum is invoked takes effect from the proclamation of the mayor as provided in the act.

MUNICIPAL CORPORATIONS—REFERENDUM—CONSTITUTIONAL PROVISIONS.

5. The power of the referendum reserved to the people by Section 1a, Article IV, Constitution of Oregon, reserving the referendum power to the voters of every municipality as to municipal legislation to be exercised in the manner prescribed by general laws, is not dependent on anything except a provision by general law as to the manner of its exercise.

MUNICIPAL CORPORATIONS—REFERENDUM—"MUNICIPAL LEGISLATION."

6. The only acts of the council of a city that are subject to the referendum by Section 1a, Article IV, Constitution of Oregon, reserving the referendum power to the voters of every municipality as to "municipal legislation," are such as come within the term "municipal legislation"; and such legislation must be considered in the sense of general laws prescribed by the lawmaking power and of general application, and does not include transient orders to and concerning a particular person, and the latter may be adopted without reference to the referendum power.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

This is a suit by George Long, on his own behalf and on behalf of all other residents, citizens, corporations, and taxpayers and all others similarly situated, against the City of Portland. From a decree of dismissal entered after sustaining a demurrer to the complaint, plaintiff appeals.                              REVERSED.

For appellant there was a brief with oral arguments by *Mr. Martin Watrous* and *Mr. Frank F. Freeman.*

For respondent there was a brief over the names of *Mr. John P. Kavanaugh, Mr. Frank S. Grant* and *Mr. John J. Fitzgerald,* with oral arguments by *Mr. Kavanaugh* and *Mr. Grant.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is a suit to enjoin the enforcement of a city ordinance of the City of Portland, pending the submission thereof to a vote of the people by the referendum. On February 26, 1908, an ordinance was enacted by the

common council of the City of Portland, numbered 17,414, which exacts a license fee for the operation of vehicles, conveyances, and delivery wagons used in the conduct of certain businesses. Within 30 days after the passage of the ordinance a petition invoking a referendum thereon was filed with the auditor of the city; and it is alleged that the city officers are proceeding to enforce the ordinance against the owners of all such vehicles before the same has been approved by the voters of the city. A demurrer to this complaint was sustained by the court, and a decree entered thereon dismissing the suit; and the plaintiff appeals.

1. These issues involve the effect of the legislative act of February 25, 1907, which provides for carrying into effect the initiative and referendum powers reserved to the people by Section 1 and Section 1a of Article IV, of the Constitution of Oregon. This necessitates the consideration of several sections of the constitution and of section 49 of the charter of the City of Portland. Section 2 of Article XI of the constitution was amended on June 4, 1906, and now provides:

"Corporations may be formed under general laws, but shall not be created by the legislative assembly by special laws. The legislative assembly shall not enact, amend, or repeal any charter or act of incorporation for any municipality, city, or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the constitution and criminal laws of the State of Oregon."

Section 1 of Article IV of the constitution, was amended June 2, 1902, being the initiative and referendum amendment, and is a general reservation by the people of the power to propose laws and amendments to the constitution and to enact or reject the same at the polls, and also the power to approve or reject at the polls any act of the legislative assembly. At the general election of 1906, Article IV of the constitution was again

amended by adding thereto section 1a. So far as involved here, it reads in section 1a:

"* * The initiative and referendum powers reserved to the people by this constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special, and municipal legislation, of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation."

Section 49 of the charter of the City of Portland (Sp. Laws 1903, p. 20), provides:

"Upon the passage of * * any ordinance, an enrolled copy thereof, attested by the auditor, shall be submitted to the mayor by the auditor, within five days from the passage of the same by the council, and if the mayor approves the same, he shall write upon it 'Approved,' with the date thereof, sign it with the name of his office, and thereupon, unless otherwise provided therein, such ordinance shall become a law, and be of force and effect. * *"

The act of the legislative assembly of February 25, 1907 (Laws 1907, p. 398), above referred to, provides for the exercise of the initiative and referendum of the constitution and applies to general, local, special, and municipal legislation. Section 10 of the act provides how the initiative and referendum shall be invoked in cities and towns as to the preparation and filing of the petitions and other preliminary proceedings. Section 11 provides, among other things, that the referendum petition against any ordinance shall be filed with the auditor within 30 days after the passage of such ordinance; that no city ordinance shall take effect and become operative until 30 days after its passage, except measures necessary for the preservation of the peace, health, and safety of the city.

The contention of the defendants is that as section 49 of the charter provides that an ordinance shall take

effect immediately upon its approval by the mayor, and
Section 2, Article XI, of the constitution, provides that
the legislature shall not amend any charter, therefore
the act of the legislative assembly of February 25, 1907,
in so far as it provides that no ordinance shall take
effect until 30 days after its passage, is void, for the
reason that it thereby attempts to amend section 49
of the charter. This is the only question involved. Sec-
tion 1a, Article IV, of the constitution, is not self-
executing, for the reason that it makes no provision as
to its enforcement. It only declares or reserves the right,
without laying down rules, by means of which this right
may be given the force of law. Cooley's Con. Lim. (7
ed.), 121; *Reeves* v. *Anderson,* 13 Wash. 17 (42 Pac.
625). It contains no provisions as to the time and place
of filing the petition, nor the time when, or manner in
which, the law voted upon shall take effect; and, in view
of section 49 of the charter, some provision is required
to give time and opportunity to invoke the referendum
against an ordinance passed by the council; and many
other details may be greatly aided by legislation.

2. This was recognized by the framers of this amend-
ment, as it provides therein that the manner of exercis-
ing such power shall be prescribed by general laws or
by the city. This right of the referendum is reserved
to the people of a city or town, regardless of any pro-
visions of the city charter. It is superior to the charter.
Cooley's Con. Lim., § 122, in speaking of a self-executing
homestead provision of the constitution and of legislation
in aid of it, says:

"It will override and nullify whatever legislation, either
prior or subsequent, would defeat or limit the homestead
which is defined and secured."

And so this constitutional provision will override and
nullify whatever the charter contains that would defeat
or limit the right of the referendum upon ordinances
subject thereto. So far as section 1a affects or applies

to a city charter, its provisions may be considered as read into the charter. It amounts to an amendment of it, subject only to such provision of law as shall make it available, and is sufficient authority for any state or city legislation necessary to give it effect, regardless of other provisions contained in the charter.

3. The case of *Reeves* v. *Anderson,* 13 Wash. 17 (42 Pac. 625), though not involving this exact question, is very much in point. By the Constitution of Washington, Section 10, Article XI, it is provided that the inhabitants of a city containing a population of 20,000 may frame a charter for their own government, and that the city council may cause an election to be had for the purpose of choosing 15 freeholders to prepare and propose a charter. It further provides that a charter adopted under this article may be amended by proposal of the city council. The State legislature enacted a statute providing the manner of exercising the right conferred by Section 10, Article XI, of the constitution. The city council of Seattle ignored a petition presented thereafter, asking that an election be called to elect 15 freeholders to prepare a new charter by altering, changing, or revising the existing one; and this suit was brought to compel it to call the election. It was contended by defendant that the legislative act is unconstitutional, and that Section 10, Article XI, of the constitution, points out the only manner by which the charter may be amended, namely, upon a proposal from the council, and that the right to "frame a charter" has been once exercised, and thereby exhausted. The court holds that Section 10, Article XI, of the Constitution, is not self-executing, and that the legislative act is for the purpose of providing the manner of its exercise; that the power is to "frame a charter; that the right is a continuing right; and that by the act in question the legislature has made it possible for the people to exercise such constitutional right to create a new charter. This being so, it should not be

held invalid even if we should conclude that its pro-
visions. concerning amendments are not in accord with
the constitution. It would still be valid in so far as
it pointed out the manner in which a new charter could
be created." Although not compulsory upon the voters
to adopt it, "this act affords them an opportunity for
so doing,. without regard to the will of the council, and
in making such provision we think the legislature did
not transcend its constitutional functions." "The act,
as we have seen, is in harmony with the spirit of the
constitution, and its object is to further the exercise of
a constitutional right and make such right available."
Where the constitution itself calls for the enactment, it
cannot be considered unconstitutional because it may
conflict with some other constitutional provision. It is
held in *Ewing* v. *Hoblitzell,* 85 Mo. 64, that an act regu-
lating the registration of voters in certain cities was
valid, as it was plainly called for by Section 5, Article
VIII, of the constitution, although it overrides the charter
which the constitution provided should be amended by
the people, "and not otherwise." And in *Kenefick* v.
*City of St. Louis,* 127 Mo. 1 (29 S. W. 838), a local or
special law is inhibited by the constitution upon the
subject considered. It is held that legislation affecting
only the city of St. Louis, which is necessary or appropri-
ate to carry into effect a positive command of the organic
law, or is required or directly contemplated by its terms,
cannot justly be held either special or local within the
true intent and meaning of the constitution.

4. The constitutional provision in this case, standing
alone, does not affect section 49 of the charter so as
to prevent ordinances from taking effect, as provided
therein, but it subordinates that section and the whole
charter to such legislative provision as is therein author-
ized for the effectual exercise of the referendum. Some
provision is necessary to suspend the operation of sec-
tion 49 upon such ordinances as may be subject to the

referendum and to provide a time within which the referendum may be invoked. This is done by the legislative act of February 25, 1907, which only suspended the operation of section 49 for 30 days upon all ordinances liable to be referred. Section 10 of the legislative act provides, in effect, that the terms of section 9 thereof shall be applied to cities. This relates to the canvass of the vote and subsequent proceedings, including the proclamation by the Governor, declaring the measure to be in full force and effect as the law; but section 10 provides that the city auditor and mayor shall perform these duties that are there required of the Secretary of State and Governor in state legislation. The result is that an ordinance upon which the referendum is invoked will take effect, as provided in section 9 and section 10 of the act of 1907, upon the proclamation of the mayor to that effect. Those subject to the referendum but upon which it is not invoked will take effect by the provisions of section 49 of the charter at the expiration of the 30-day suspension. This legislative act is in pursuance of the specific direction of, and intended by, the constitution to make it possible for the people to exercise the referendum; and we are of the opinion that it is not an amendment by the legislature of section 49 of the city charter within the meaning of Section 2, of Article XI, of the Constitution of Oregon.

Therefore the lower court erred in sustaining the demurrer to the complaint; and the decree will be reversed, and the cause remanded.          REVERSED.

---

Decided January 19, 1909.

## ON PETITION FOR REHEARING.

[98 Pac. 1111.]

MR. JUSTICE EAKIN delivered the opinion of the court.

5. By this motion counsel for the city urge no question that was not considered in the opinion, but insists that

our conclusion is wrong in holding that the legislative act of 1907 is not a violation of Section 2, Article XI, of the constitution, which forbids any amendment of a city charter by legislative enactment. We have again examined the questions involved, and adhere to the former opinion. We think this objection is fully considered in the opinion. It is not there contended that this statute does not affect section 49 of the charter. It does extend the time within which an ordinance may become operative; but this is incident to and necessary for the accomplishment of the purpose of Section 1a, Article IV, of the constitution, and is authorized by, and in compliance with, the terms thereof. The power of the referendum is fully reserved to the people, and is not dependent upon anything, except a provision by general law as to the manner of its exercise. It is not possible to give it effect without some provision similar to the one complained of here, which is within the very terms, as well as intention, of the referendum provision, and is as authoritative under the constitution as the prohibition of Section 2, Article XI. And therefore the legislative enactment contemplated by section 1a cannot be considered as an amendment of the charter within the meaning of the former section.

6. The effect of the referendum will not, however, affect in any manner ordinances or resolutions of the council that are not "municipal legislation." Section 11 of the legislative act of 1907 (Laws 1907, p. 406), provides, that "no city ordinance, resolution or franchise, shall take effect and become operative until thirty days after its passage by the council and approved by the mayor," and defendant cites this provision as being especially cumbersome to the prompt and expeditious transaction of municipal business, and in proceedings that are in *invitum*, such as those relating to street improvements; but this legislative act can only apply to such ordinances, resolutions, and franchises as are sub-

ject to the referendum. It cannot be broader than the provision it seeks to aid. The only acts of the council that are subject to the referendum, by Section 1a, Article IV, are such as come within the term "municipal legislation." Legislation as here contemplated must be considered in the sense of general laws, namely, rules of civil conduct prescribed by the lawmaking power and of general application. By Opinion of The Justices, 66 N. H. 629 (33 Atl. 1076), the law is said to be a rule—not a transient, sudden order to and concerning a particular person, but something permanent, uniform, and universal. The action of a municipal council may relate to questions or subjects of a permanent or general character, or to those which are temporary and restrictive in their operation and effect; and ordinarily an ordinance relates to the former, while the latter may be adopted by resolution. The former must be enacted with all the formality required by the charter, while the latter may be adopted with less formality, and its legal effect determined less strictly, unless the charter otherwise provides. 2 Abbott's Municipal Corp., §§ 514-516; 1 Beach, Public Corp., §§ 483, 484, 486; 21 Am. & Eng. Enc. Law (2 ed.), 948; 28 Cyc. 347; *City of Alma* v. *Guaranty Sav. Bank,* 60 Fed. 203 (8 C. C. A. 564) ; *City of Lincoln* v. *Sun Vapor Street Light Co.,* 59 Fed. 756 (8 C. C. A. 253) ; *City of Central* v. *Sears,* 2 Colo. 589.

Whatever may be the requirement as to the form of enactment, the former is municipal legislation, while the latter is not. In *Shaub* v. *Lancaster City,* 156 Pa. 362, 366 (26 Atl. 1067, 1068: 21 L. R. A. 691), it is said: "But there is a well-marked distinction between acts that are legislative, and that lay down a rule of action for the citizens or the city, and acts that relate to the daily administration of municipal affairs. The latter may well be described as 'business' to be transacted by councils, and may be properly left to them to dispose of by 'order or resolution.' " And this distinction is not

destroyed by reason of the fact that by the Portland charter much of the latter class of business must be accomplished by ordinances, and not by resolutions. This will not bring the latter within the classification of municipal legislation. 1 Beach, Public Corp., § 484. Therefore much of the municipal business that might appear to be within the legislative act, and therefore embarrassed by the application of the referendum, is not in fact legislation within the meaning of Section 1a, Article IV, of the constitution, although included in the language of the statute.

The motion for rehearing is denied.

REVERSED: REHEARING DENIED.