Argued February 24, decided March 15, 1910.

## STATE ex rel. *v.* PORTLAND RY. LIGHT & POWER CO.

[107 Pac. 958.]

CONSTITUTIONAL LAW—SELF-EXECUTING PROVISIONS.

1. Section 1, Article 4, Constitution of Oregon, as amended in June, 1906, by adding Section 1*a*, reserving to the people of every municipality the general right of referendum as to municipal legislation, without providing the means for effectuating such right, is not self-executing.

MUNICIPAL CORPORATIONS—CHARTERS—REFERENDUM POWERS—VALIDITY.

2. Portland City Charter, enacted January 23, 1903 (Sp. Laws 1903, p. 52), granting to the people a general right of initiative and a limited right of referendum as to franchise ordinances, was a lawful exercise of legislative power.

STATUTES—REPEAL BY CONSTITUTIONAL PROVISIONS.

3. Portland City Charter, enacted January 23, 1903 (Sp. Laws 1903, p. 52) and submitted to and ratified by the voters of the city, provides, by Section 108, that any ordinance granting a franchise shall be in force, though vetoed by the mayor, after 15 days from its passage over the veto, unless within 15 days a petition by a number of electors equal to 15 per cent of the votes cast at the preceding election is filed asking that the ordinance be submitted to the people. Section 1, Article IV, Constitution of Oregon, was amended in June, 1906, by adding Section 1*a*, extending the initiative and referendum powers to the voters of every municipality as to all municipal legislation, and providing that the manner of exercising such powers shall be prescribed by general laws, except that cities may provide for the manner of exercising such powers as to

municipal legislation, and that not more than 10 per cent of the legal voters shall be required to order the referendum, nor more than 15 per cent to propose any measure by initiative.   Act February 25, 1907 (Laws 1907, p. 406) § 11, requires petitions for the referendum against any ordinance to be filed with the city clerk, recorder, etc., within 30 days after the passage of the ordinance, and provides that no ordinance passed over the mayor's veto shall take effect until 30 days after final passage, and also provides that the act shall apply only to the operation of the initiative and referendum in cities and towns as to matters not conflicting with existing municipal legislation on the subject.  *Held,* that the constitutional amendment did not affect the charter provision as to the time when a petition for a referendum on a franchise ordinance shall be filed, or require the city to enact new provisions on the subject; the only difference between the amendment and charter being as to the number of voters that must sign the petition for referendum which was immaterial on the question of time of filing, and the rule being that existing laws are affected only to the extent that the constitution is inconsistent with the prior statutes on the same subject, and if legislation is necessary to effectuate the constitutional provision, existing laws remain effective until such legislation is enacted.

MUNICIPAL CORPORATIONS—REFERENDUM—PETITION—TIME OF FILING—CHARTER PROVISIONS.

4. The charter provision, requiring a petition for referendum of an ordinance granting a franchise to be filed 15 days after its passage over veto, not having been affected by the constitutional amendment, and Section 11 (Laws 1907, p. 406), providing a different time for filing, and expressly providing that it shall not apply to conflicting municipal provisions, such petition must be filed within 15 days from the final passage of the ordinance, and not within 30 days, as provided by Section 11.

From Multnomah:  EARL C. BRONAUGH, Judge.

Statement by MR. JUSTICE SLATER.

This suit was brought by the State, upon relation of W. H. Bradford, a private party, under Section 367, B. & C. Comp., to enjoin the Portland Railway, Light and Power Co., a corporation, from an alleged usurpation and intrusion upon, and holding without lawful authority, a franchise or franchises, over and upon about 40 streets and parts of streets in the City of Portland, without first having been granted a lawful right thereto by the municipality.   The substance of the facts alleged, and out of which the controversy has arisen, are:  That on April 14, 1909, the council of the City of Portland passed an ordinance, No. 19,176, purporting to grant to the

Sig   2

defendant corporation a franchise and right to construct street railways upon and over certain streets of that city; that the ordinance was submitted to the mayor on April 17th for his approval or disapproval, and on April 26th he vetoed the same; that thereafter, and at the next regular meeting of the council, held on April 28th, the ordinance was passed over the mayor's veto; that by the terms of the ordinance it was provided that the grantee of said franchise should, within 30 days after said ordinance came into force, as provided by section 108 of the charter of the City of Portland, file with the auditor its unqualified acceptance of the terms and conditions thereof; that such an acceptance was filed by it with the auditor of the city on May 14th; that thereupon the respondent, assuming the same was in effect, proceeded to construct its street railways upon certain of the streets designated in the franchise; that under and in accordance with the provisions of Chapter 226 of the General Laws of 1907, and within 30 days after the passage of the ordinance by the council over the veto of the mayor, and before the same went into effect, a petition for the referendum of the ordinance to the vote of the people, under the right reserved to them by Section 1a, Article IV, of the Constitution of Oregon, was filed with the auditor of the city; that the relator is à citizen of the State, and a resident, taxpayer, and legal voter of the City of Portland; that the defendant corporation has no franchise or lawful authority to construct street railways upon any of the streets named in the ordinance, and cannot have such right until a vote has been taken by the electors of the City of Portland upon the ordinance, by virtue of the filing of said petition of referendum, and the approval of such ordinance by a majority of the electors voting thereon.

To the complaint a general demurrer was interposed and sustained, and, the plaintiff failing to plead further,

the suit was dismissed, and from such decree plaintiff has appealed.                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. George J. Cameron,* District Attorney, and *Messrs. McNary & Lundburg,* with an oral argument by *Mr. Lawrence A. McNary.*

For respondent there was a brief over the names of *Mr. Frederick V. Holman* and *Mr. Franklin T. Griffith,* with an oral argument by *Mr. Holman.*

MR. JUSTICE SLATER delivered the opinion of the court.

1. The defendant contends that the ordinance took effect on May 13, 1909, by virtue of section 108 of the city charter, which provides, in effect, that the referendum upon ordinances of this character shall be invoked by the filing of a petition within 15 days from the date of the passage of the ordinance by the council over the veto of the mayor, and, inasmuch as such petition for referendum was not filed within that time, the ordinance went into force and effect on May 13th. The plaintiff contends that by the general laws of the State a municipal ordinance does not take effect until 30 days after its passage over the veto of the mayor, and that within that time a petition for referendum may be filed, and thus further suspend the operation thereof until a vote has been had.

The question, then, presented for consideration, is whether the provisions of the charter of the City of Portland, requiring a referendum petition of an ordinance granting a franchise to be filed within 15 days after the passing of the ordinance over the veto of the mayor, control with reference to that matter; or whether Section 11 of the act of February 25, 1907 (Sess. Laws 1907, p. 406), which allows 30 days for filing a referendum petition, controls.

In order to fully understand the matter in issue, it is necessary that more specific reference be made to the

provisions of the charter, certain amendments to the constitution, the terms of the act of February 25, 1907, and to the order and the manner of their enactment. On January 23, 1903, the charter of the City of Portland was enacted by the legislature of this State, by which certain powers of initiative and referendum were granted to the legal voters of the municipality. Section 108 thereof provides that any ordinance granting a franchise "shall be in force from and after fifteen days from the date of its approval by the mayor; or, if vetoed by the mayor, then from and after fifteen days from the date of its passage by the council over the veto of the mayor, unless within fifteen days a petition, signed by a number of electors of the city equal to fifteen per cent of the votes cast at the last preceding election, shall have been filed with the council, asking that such ordinance be submitted for approval or rejection to the vote of the people." Sp. Laws 1903, p. 52. In June, 1906, Section 1, Article IV, of the Constitution was amended by adding thereto section 1*a*, in part, so far as material to this case, as follows:

"The initiative and referendum powers reserved to the people by this constitution, are hereby further reserved to the legal voters of every municipality and district, as to all local, special and municipal legislation of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers, as to their municipal legislation. Not more than ten per cent of the legal voters may be required to order the referendum, nor more than fifteen per cent to propose any measure, by the initiative, in any city or town."

In February, 1907, the legislature passed a general law for the purpose of carrying into effect the initiative and referendum powers reserved to the people by the amendment to the constitution. By Section 11 of said act,

petitions for the referendum against any ordinance, franchise, or resolution, passed by the city council, are required to be filed with the clerk, auditor, or recorder, as the case may be, within 30 days after the passage of such ordinance, resolution, or franchise; that no city ordinance, resolution, or franchise shall take effect, or become operative, until 30 days after the passage thereof by the council and approval by the mayor, unless the same shall be passed over the mayor's veto, and in that case it shall not take effect and become operative until 30 days after such final passage.

The amendment to the constitution, above noted, reserves to the people of every municipality, city, or town, the general right of referendum, as to municipal legislation, without laying down rules by means of which such right may become effective, or be in force; and, therefore, it is not self-operative. *Long* v. *Portland,* 53 Or. 92 (98 Pac. 149, 150). But the amendment does not declare that the manner of exercising the power granted shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the same, as to their municipal legislation.

2. On behalf of the plaintiff, it is contended that the manner of exercising the right there reserved, must be under some general law of the State, or under some ordinance of the City of Portland, and that the provisions of section 108 of the charter do not come within the exception of the amendment, because the charter is a special act of the legislature of the State, and not of the City of Portland; and that, since the adoption of the amendment, the city has made no provision for the manner of exercising the right of referendum. This reasoning erroneously assumes that the right, sought to be enforced, with respect to the ordinance in question, originated with the adoption of such amendment, and did not exist prior thereto; and, therefore, that the manner of its

enforcement must be under some law therein authorized
to be enacted.   But a general right of initiative and a
limited right of referendum, as to franchise ordinances,
were expressly conferred upon the people of the City of
Portland by the charter of 1903 (Sp. Laws 1903, p. 52),
and the manner of exercising each right was clearly
provided therein.   And if such right was thus lawfully
granted, and has not since been amended or repealed, it
must necessarily be effective to the extent of the power
there granted.   That it was a lawful exercise of legislative
power seems not to be questioned in this case, and is
supported by previous adjudications. *Kadderly* v. *City of
Portland*, 44 Or. 118 (74 Pac. 710: 75 Pac. 222) ; *In re
Pfahler*, 150 Cal. 81 (88 Pac. 270: 11 L. R. A. [N. S.]
1092).

3. The effect of the adoption of the amendment referred
to was not to create for the first time, in the people of
the City of Portland, the right of referendum of an
ordinance of the city council granting a franchise, but
to confirm and amplify the power which previously had
been lawfully granted, and to place the right so granted
beyond the power of the legislature of the State to revoke
it.   There is nothing expressed in the amendment to the
constitution inconsistent with or antagonistic to the
powers so conferred by the charter, or with the means
therein provided for carrying them into effect, except
that the charter requires that the petition for referendum
shall be signed by a number of electors of the city, equal
to 15 per cent of the votes cast at the last preceding
election, while the amendment to the constitution declares
that not more than 10 per cent of the legal voters may
be required to order the referendum; but this conflict is
not material to, and, therefore, does not affect, the case
now in hand.

As to whether the provisions of the charter, providing
for the manner of exercising the right there conferred,

were nullified by the adoption of the amendment to the constitution, or are to be considered as still in force at the time of the adoption of the ordinance in question, the law appears to be succinctly and correctly stated by the authors of Am. & Eng. Enc. Law ( [2 ed.] vol. 6, p. 920), as follows:

"Existing laws and rights are disturbed only in those cases and to that extent that the new constitution contains declarations inconsistent with particular statutes and particular rights. And where legislation is necessary to give effect to a constitutional provision, laws in existence at the time of its adoption remain effective until legislation is had to enforce such provisions."

The mere fact that the constitutional amendment declares that "the manner of exercising said powers shall be by general laws" is : by indicative of any intent that the provisions of a special law of the character of section 108, of the charter of the City of Portland, enacted in 1903, should not be effective for the purposes therein expressed; nor does the exception contained in such amendment, "that cities and towns may provide for the manner of exercising the initiative and referendum powers, as to their municipal legislation," inhibit the exercise of such power in the manner indicated in the charter, or impose upon the municipality the alternative of enacting new legislation of the same character, or forego the exercise of that right.

4. Again, it is urged that, the municipality not having legislated upon that matter, the legislature of the State was empowered by said amendment to prescribe, by general law, the manner of exercising said powers, which it did by the act of February 25, 1907, wherein it is required, in substance, that petitions for the referendum of any ordinance or franchise must be filed within 30 days after the passage thereof, and that ordinances shall not take effect, or become operative, until 30 days after the passage thereof by the council and approval by the

mayor, unless the same shall be vetoed, and passed over the veto, and in that case they shall not take effect and become operative until 30 days after such final passage. This provision of the general law, in that respect, being in conflict with the provisions of the charter heretofore adverted to, which was also enacted by the legislature, it is argued that the former impliedly amended the charter, and from this the conclusion is reached that the general law must control. To this contention the answer is made by the defendant that by an amendment of Section 2, Article XI, of the Constitution of Oregon, adopted in June, 1906, at the general election, held at that time, the legislature was deprived of the power to amend any charter or act of incorporation for any municipality, city, or town, and that such right of amendment was therein reserved to the legal voters thereof. The power of the legislature thus to amend the city charters is seriously questioned by defendant's counsel; but we find it unnecessary to consider that question, for by the express terms of the act now involved it is made to apply only to all matters concerning the operation of the initiative and referendum in the municipal legislation of every city or town, which has not made, or does not make, conflicting provisions. It is true that the charter of 1903 was not enacted by the municipality of the City of Portland; but it appears that, before having been enacted into law by the legislature of the State, the proposed charter was submitted to the approval of the voters at a general election, and was ratified by a popular vote of the legal voters of the city. Moreover, ever since the amendment of Section 2, Article XI, of the Constitution of Oregon, granting to the legal voters of every city or town the power to amend their municipal charter, it has been within the power of the City of Portland, if not satisfied with the means therein provided by section 108, for the exercise of the power of referendum as to franchise ordinances,

to alter its terms to their satisfaction; but, not having made any change therein, it must stand as the paramount law of that city, and is controlling in the matter now under consideration, the same as if it had been enacted by the council of the city, or by the direct vote of the people thereof. For these reasons we hold that the ordinance in question became operative upon May 13th, and when on May 14th the defendant filed its unqualified written acceptance of the terms and conditions thereof its right to exercise the privileges granted became vested; therefore, the petition for referendum, filed on May 25th, was not within the time prescribed by the law then in force, and, for that reason, was insufficient to stay the enforcement of the ordinance, or prevent the defendant from exercising the right thereby granted.

There was no error in sustaining the demurrer, and the decree of the lower court is affirmed.     AFFIRMED.