[No. 2108]

# STATE OF NEVADA, Ex Rel. EMILIO DOTTA, RELATOR, *v.* GEORGE BRODIGAN, AS SECRETARY OF STATE, RESPONDENT.

[138 Pac. 914]

1. CONSTITUTIONAL LAW—REFERENDUM PROVISIONS.

Const. art. 19, sec. 1, declares that, whenever 10 per cent of the voters shall express their wish that any law or resolution of the legislature shall be submitted to a vote of the people, the officers charged with the duty of announcing elections shall submit the question to be voted on. Section 2 declares that, if a majority of the voters at an election shall signify approval of a law or resolution, such law shall stand or, if the majority be against it, it shall be void. Section 3 declares that the electors reserve to themselves the power to propose laws and propose amendments of the constitution, and to enact or reject the same at the polls independent of the legislature, that the first power is the initiative, and no more than 10 per cent of the qualified voters shall be required to propose any measure, and that initiative petitions, except in municipal legislation, shall be filed with the secretary of state not less than thirty days before any regular session of the legislature, and the secretary shall transmit the same to the legislature as soon as it convenes, and that the second power by the people is referendum, which shall be exercised in the manner provided. *Held* that, while this article declares that it shall be self-executing, yet it does not impose upon the secretary of state the duty to file a referendum petition for the submission of an act of the legislature to the voters of a county at the next general election, and hence the filing of such a petition cannot be coerced by a *mandamus* for, though a constitutional provision declares it shall be self-executing, yet, if it does not provide for the manner of its execution, the execution must be provided for by statute.

2. CONSTITUTIONAL LAW—REFERENDUM—CONSTRUCTION.

The provisions of section 3 of article 19 of the state constitution that "the second power reserved by the people is the referendum, which shall be exercised in the manner provided in sections 1 and 2," apply to state elections.

3. CONSTITUTIONAL LAW — REFERENDUM — SELF-EXECUTING PROVISIONS.

While it is provided that the provisions of article 19 "shall be self-executing, but legislation may be enacted to facilitate its operation," the further provision that "the legislature may provide by law for the manner of exercising the initiative and referendum powers as to county and municipal legislation," makes it apparent that it was intended that further legislation should be enacted for carrying into effect that part relating to county matters, as the article itself makes no such provision.

ORIGINAL PROCEEDING.    Petition by the State, on the relation of Emilio Dotta, for writ of *mandamus* directed against George Brodigan, as Secretary of State. **Petition denied.**

*Otto T. Williams,* for Relator.

*Geo. B. Thatcher,* Attorney-General, and *Milton B. Badt,* for Respondent.

By the Court, TALBOT, C. J. :

Relator, as a taxpayer, applies for a writ of *mandamus* commanding respondent, as secretary of state, to file a referendum petition which asks for the submission to the qualified voters of Elko County, upon the official ballot at the next general election, of. the act passed at the last session of the legislature, entitled "An act to authorize the board of county commissioners of the county of Elko, State of Nevada, to issue bonds to provide for the construction, equipment, and furnishing of a high-school building in the town of Wells, Nevada, and authorizing the county board of education of said county to construct, equip, and furnish said building."

It is alleged that the number of signatures of qualified voters appearing on the petition presented to the secretary of state is more than 214; that the total vote cast in Elko County for justice of the supreme court at the last general election was 2,015, and that the petition was signed by more than 10 per cent of the qualified electors of that county.

The constitution, as amended by article 19, provides:

"SECTION 1.    Whenever ten per centum or more of the voters of this state, as shown by the number of votes cast at the last preceding general election, shall express their wish that any law or resolution made by the legislature be submitted to a vote of the people, the officers charged with the duty of announcing and proclaiming elections, and of certifying nominations, or questions to be voted on, shall submit the question of approval or disapproval of said law or resolution to be voted on at the

next ensuing election wherein a state or congressional officer is to be voted for, or wherein any question may be voted on by the electors of the entire state.

"SEC. 2.    When a majority of the electors voting at a state election shall by their votes signify approval of a law or resolution, such law or resolution shall stand as the law of the state, and shall not be overruled, annulled, set aside, suspended, or in any way made inoperative except by the direct vote of the people.    When such majority shall so signify disapproval the law or resolution so disapproved shall be void and of no effect.

"SEC. 3.    The people reserve to themselves the power to propose laws and the power to propose amendments to the constitution and to enact or reject the same at the polls, independent of the legislature, and also reserve the power at their option to approve or reject at the polls, in the manner herein provided, any act, item, section or part of any act or measure passed by the legislature, and section one of article four of the constitution shall hereafter be considered accordingly.    The first power reserved by the people is the initiative, and not more than ten per cent (10%) of the qualified electors shall be required to propose any measure by initiative petition, and every such petition shall include the full text of the measure so proposed.    Initiative petitions, for all but municipal legislation, shall be filed with the secretary of state not less than thirty days before any regular session of the legislature; the secretary of state shall transmit the same to the legislature as soon as it convenes and organizes.    Such initiative measure shall take precedence over all measures of the legislature except appropriation bills, and shall be enacted or rejected by the legislature, without change or amendment, within forty (40) days.    If any such initiative measure so proposed by petition as aforesaid, shall be enacted by the legislature and approved by the governor in the same manner as other laws are enacted, same shall become a law, but shall be subject to referendum petition as approved in sections one and two of this article.

If said initiative measure be rejected by the legislature, or if no action be taken thereon within said forty (40) days, the secretary of state shall submit the same to the qualified electors for approval or rejection at the next ensuing general election; and if a majority of the qualified electors voting thereon shall approve of such measure it shall become a law and take effect from the date of the official declaration of the vote; an initiative measure so approved by the qualified electors shall not be annulled, set aside or repealed by the legislature within three (3) years from the date said act takes effect. In case the legislature shall reject such initiative measure, said body may, with the approval of the governor, propose a different measure on the same subject, in which event both measures shall be submitted by the secretary of state to the qualified electors for approval or rejection at the next ensuing general election. The enacting clause of all bills proposed by the initiative shall be: 'The People of the State of Nevada do enact as follows.' The whole number of votes cast for justice of the supreme court at the general election last preceding the filing of any initiative petition shall be the basis on which the number of qualified electors required to sign such petition shall be counted. The second power reserved by the people is the referendum, which shall be exercised in the manner provided in sections one and two of this article. The initiative and referendum powers in this article provided for are further reserved to the qualified voters of each county and municipality as to all local, special and municipal legislation of every character in or for said respective counties or municipalities. The legislature may provide by law for the manner of exercising the initiative and referendum powers as to county and municipal legislation, but shall not require a petition of more than ten per cent (10%) of the qualified electors to order the referendum or more than fifteen per cent (15%) to propose any municipal measure by initiative. If the conflicting measures submitted to the people at the next ensuing general election shall both be approved by a majority of the votes severally

cast for and against each of said measures, the measure receiving the highest number of affirmative votes shall thereupon become a law as to all conflicting provisions. The provisions of this section shall be self-executing, but legislation may be especially enacted to facilitate its operation."

Under section 5695 of the Revised Laws the writ of *mandamus* "may be issued by the supreme court, the district court, or a judge of the district court, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station."

Do these constitutional provisions direct the secretary of state to file a petition which asks for the submission of an act of the legislature to the voters of the county at the next general election? Before he can be compelled to act, he must be derelict in the performance of some duty which the wording of the amendment imposes. It is urged that the language of section 3 provides that it shall be self-executing. If it be conceded that sections 1 and 3, and any constitutional or statutory provisions, are self-executing, whether so specifying or not, it cannot well be said that an officer is required to do more than is directed by the language used.

The provision in section 1 that "officers charged with the duty of announcing and proclaiming elections, and of certifying nominations or questions to be voted on, shall submit the question of the approval or disapproval of a law," cannot be held to require the secretary of state to make such submission to the voters of a county only when that section relates to submission to the voters of the state, and when he is not required by any statute to certify nominations or questions to the voters of a county only.

The provision in section 3 that "the second power reserved by the people is the referendum, which shall be exercised in the manner provided in sections 1 and 2," apparently applies to state elections, when considered in connection with the following sentence, which states that the initiative and referendum powers are further

reserved to the electors of each county as to local and special legislation; and from that part of section 3 which designates that "the legislature may provide by law for the manner of exercising initiative and referendum powers as to county legislation, but shall not require a petition of more than ten per cent of the qualified electors to order the referendum." It is apparent that it was intended that further legislation should be enacted for carrying into effect that part of section 3 which relates to county matters. If the section be properly considered as self-executing, as it states, this is true only so far as it designates a method of exercising these powers or regarding those things which are specified in the earlier part of the section. It nowhere directs the secretary of state to file a referendum petition for submission of a law to the voters of a county. Hence it does not appear that the duty of filing such a petition is enjoined upon him. In order to be enforced, constitutional provisions should be as clear as statutory ones, or, if they direct an officer to act under existing laws, it should appear that he is required by the statute to perform the act sought to be enforced.

In *State, ex rel. Moncure,* v. *Dubuclet,* 28 La. Ann. 698, it was held that the high bequests of the organic law are not always self-enforcing, especially when they do not provide the method for their practical use, and that the manner in which its commands are to be obeyed is often left to be provided by the legislative branch of the government.

In *Long* v. *City of Portland,* 53 Or. 92, 98 Pac. 149, 1111, it was held that an article in the constitution reserving initiative and referendum powers to the voters of every municipality as to municipal legislation, to be exercised in the manner prescribed by general laws, was not self-executing, as it did not lay down the rules by means of which the right reserved may be given the force of law.

In *Railroad* v. *Lawrence County,* 27 Ill. 52, the court

said: "As a general proposition, subject, however, to some exceptions, it may be safely asserted that the constitution cannot execute its own provisions independent of legislative enactment.  In this case it no doubt not only authorizes but requires the general assembly to make all necessary provisions to carry this requirement into effect."

As said in *Washingtonian Home* v. *Chicago,* 157 Ill. 427, 41 N. E. 896, 29 L. R. A. 798: "Where the constitution requires the performance of an act, but provides neither officers, the means, or the mode in which the act shall be performed, in such a case there is no other means of carrying such a provision into effect but by appropriate legislation.  In such cases the constitution does not execute such provisions."

Other cases support these conclusions: *Brown* v. *Seay,* 86 Ala. 122, 5 South. 216; *Kiernan* v. *City of Portland,* 57 Or. 454, 111 Pac. 379, 112 Pac. 402, 37 L. R. A. n. s. 339; *Ex Parte Wall,* 48 Cal. 279, 17 Am. Rep. 425; *Williams* v. *Mayor of Detroit,* 2 Mich. 565; 8 Cyc. 752, 753, 755, 756, 758, 759.

The petition for the writ is denied.