STATE ex rel KLEPPE, Respondent, v. STEENSLAND,
Appellant.

(192 N. W. 749.)

(File No. 5168. Opinion filed March 14, 1923.)

1.  **Statutes—Legislature—Emergency Clause—Emergency Clause in
    Bastardy Statute Held Nullity.**

    The emergency clause (section 3 of Laws 1921, c. 137,)
    increasing the penalty in bastardy cases, is a nullity.

2.  **Bastards—Constitutional Law—Judgment in Excess of Amount
    Authorized by Statute Then in Effect Void as to Excess.**

    A judgment rendered in bastardy proceedings before Laws
    1921, c. 137, became effective requiring payment of sums in
    excess of $250 for the first year after the child's birth and $150
    yearly for ten years thereafter, as limited by Rev. Code 1919,
    Section 2985, is void as to the excess.

3.  **Bastards—Appeal and Error—Judgment, Erroneous Only as to
    Amount Awarded, Affirmed, as Modified, by Reducing Amount
    to Sum Authorized.**

    A judgment awarding relator in bastardy proceedings sums in
    excess of those authorized by the statute will not be reversed
    in the absence of other prejudicial error, or any good reason
    why such error cannot be corrected, but will be affirmed, with
    directions to the trial court to modify by reducing the amount
    of damages to amount authorized.

Appeal from Circuit Court, Lincoln County; Hon. JOHN T.
MEDIN, Judge.

Action by the State on the relation of Anna O. Kleppe,
against Earnest Steensland. Judgment for plaintiff, and defendant
appeals. Affirmed as modified.

*Herbert B. Rudolph,* of Canton, for Appellant.

*Harrison J. Brown,* of Canton, for Respondent.

(1) To point one of the opinion, Appellant cited: Lewis v.
Pa. Railroad Co., 220 Pa. 317, 18 L. R. A. (N. S.) 279; Phillip
v. Heraty, 11 N. W. 93, 147 Mich. 473; Quinn v. R. Y. Co., 124
N. W. 653.

Respondent cited: 6 R. C. L., Sec. 291, p. 305; Shields v.
Clifton Hill Land Co. (Tenn.), 45 A. S. R. 700, 26 L. R. A. 509
and cases cited; Giozza v. Tiernan, 148 U. S. 656, 37 L. Ed. 599;
In Re Kemmler, 136 U. S. 436, 34 L. Ed. 519.

DILLON, J. Action commenced on January 22, 1920, on
complaint of the relator, alleging that she, an unmarried woman,

was pregnant, and that defendant was the cause of such pregnancy. The child was born on July 10, 1920. A warrant was issued, and on May 4, 1920, the defendant was arrested, and pleaded "not guilty." The case was tried by a jury on May 11, 1921, and a verdict rendered for the plaintiff. Judgment was signed on May 14, 1921, and docketed on March 30, 1922. The judgment was in favor of the relator for support and maintenance and education of such child in the sum of $400 for the first year after the birth of the child, and for the further sum of $300 yearly thereafter for 10 succeeding years making a total judgment of $3,400. Defendant appeals from the judgment, alleging error in rendering judgment for said sum.

[1] Judgment was rendered under chapter 137, Laws of 1921. Section 3 of the act provides:

"This act is necessary for the immediate support of the state government and its existing public institutions, an emergency is hereby declared to exist."

We are of the opinion that this emergency clause is a nullity, and has no force or effect. State ex rel Richards v. Whisman, 36 S. D. 260, 154 N. W. 707, L. R. A. 1917B, 1; Hodges v. Snyder, 43 S. D. 166, 178 N. W. 575.

[2] It follows that section 2985 of the Revised Code of 1919 was in full force and effect at the time of the trial, birth of the child, and the date of the judgment. Had section 2985 been followed the maximum judgment for the first year after the birth of the child could not have exceeded $250, and could not have exceeded $150 yearly for 10 years succeeding the first year. Thus it will be seen that judgment was actually rendered against the defendant for $1,650 in excess of the amount permitted by law. The judgment rendered by the court, as to the excess of $1,650, was unauthorized. The appellant's case cannot be adjudicated under the statute that was not lawfully in force at the time of the trial and rendition of judgment.

[3] The judgment should not have exceeded the sum of $1,750. There being no other prejudicial error in the record, and this error affecting only the amount of the recovery, no good reason exists why this error cannot be corrected, and the trial court is directed to so modify the judgment, by reducing the amount

of damages from $400 to $250 for the first year, and by reducing the judgment for $300 for each year for 10 years to $150 each year for ten years, as of the date of the judgment, and, as so modified, this cause is affirmed.

Appellant is awarded costs in this court.

Note—Reported in 192 N. W. 749. See American Key-Numbered Digest, (1) Statutes, Key-No. 251, 36 Cyc. 1194, 25 R. C. L. 801; (2) Bastards, Key-No. 78, 7 C. J. Sec. 143; (3) Bastards, Key-No. 92, 7 C. J. Sec. 170, 2 R. C. L. 277.