CULHANE, Executor, et al, Appellants, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.

(274 N. W. 315)

(File No. 8079. Opinion filed June 22, 1937)

*Olaf Eidem,* of Brookings, and *M. E. Culhane,* of Minneapolis, Minn., for Appellants.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

RUDOLPH, P. J. The question involved in this case is the effective date of chapter 207, Laws of 1937, commonly known as the moratorium law. The purpose of this act, as stated in its title, is to extend "the Period of Redemption from Foreclosure and Execution Sales of Real Estate During an Emergency Declared to Exist." The only portions of the act with which we are concerned at this time are the preamble and section 14, the last section of the act, which in part purports to put the act into immediate effect upon its passage and approval. The preamble and section 14 read, as follows:

"Whereas, the several years just passed, dominated as they have been by poor crops and exceedingly low prices for farm products, have been followed in 1936 by a statewide and destructive drought causing a complete failure of all crops with the result that owners of real estate, particularly farmers, are without income or credit, effecting seriously the general business condition of the State, causing large numbers of laboring men to be without employment, and it is estimated that approximately one-third of the whole population of the State have been forced to seek public relief, and

"Whereas, owners of real estate throughout the State by reason of said conditions and their temporary impoverishment occasioned thereby, are unable and it is believed will for some time be unable to meet obligations for insurance, taxes, interest, and principal of mortgage or judgment indebtedness, and are therefore threatened with loss of their properties through foreclosure and execution sales thereof, and

"Whereas, a large number of such foreclosure and execution sales are now in progress throughout the State with more to follow during the year with the result that many, owners of real estate and their families will be thrown out of their homes and reduced to the condition and status of temporary tenancy and in addition it appears to be the fixed policy of large mortgage holders, to refuse to rent a foreclosed farm to the former owner thereof, thereby unjustly discriminating against the debtor who has been so unfortunate to lose his home through foreclosure or execution sale proceedings, and

"Whereas, it is believed and the legislature of South Dakota, does hereby declare its belief that such conditions have created an emergency, both economic and social, to justify and validate legislation for the temporary relief therefrom, for the extension of the normal time of redemption from mortgage foreclosure and execution sales and for postponing the issuance of Sheriff's Deeds in such cases under certain conditions fair alike to mortgagor and mortgagee, debtor and creditor, and

"Whereas, the State of South Dakota possesses the right under its police power to declare a state of emergency to exist and to exercise its inherent power to safeguard the public welfare of its citizens. * * *

"Section 14. Whereas, this Act is necessary for the immediate support of the State Government and its existing institutions, an emergency is declared to exist and this Act shall be in full force and effect from and after its passage and approval."

The trial court held that the declaration purporting to put the act into immediate effect was without validity, and that the act did not go into effect until July 1, 1937, as provided in section 5111, Rev. Code 1919. The petitioner has appealed.

Section 1 and section 22 of article 3 of the State Constitution govern the power of the Legislature to declare acts immediately effective upon their passage and approval. These two sections of the Constitution have been before and considered by this court on numerous occasions. State ex rel. Richards v. Whisman, 36 S. D. 260, 154 N. W. 707, L. R. A. 1917B, 1; Hodges v. Snyder, 43 S. D. 166, 178 N. W. 575, 577; State ex rel. Flanagan v. Taylor, 43 S. D. 264, 178 N. W. 985; Warwick v. Bliss, 45 S. D. 388, 187 N.

W. 715; State ex rel. Kleppe v. Steensland, 46 S. D. 342, 192 N. W. 749; Johnson v. Jones, 48 S. D. 260, 204 N. W. 15; State ex rel. Driscoll v. Smith, 49 S. D. 106, 206 N. W. 233; State ex rel. Wegner v. Pyle, 55 S. D. 269, 226 N. W. 280; City of Colome v. Von Seggern Bros. & Ludden, 56 S. D. 390, 228 N. W. 800; Engelcke v. Farmers' State Bank, 61 S. D. 92, 246 N. W. 288; City of Pierre v. Siewert, 63 S. D. 485, 261 N. W. 42. The general principles governing the applications of these constitutional provisions was stated in the case of Hodges v. Snyder, supra, as follows: "The exception found in section 1 of article 3, names two classes of laws that are not subject to the referendum: First, such laws as are declared by the act itself to be necessary for the immediate preservation of the public peace, health, or safety of the state; and second, such laws as are necessary for the support of the government and its existing public institutions. A law may be necessary for the preservation of the public peace, health, or safety, and still be subject to the referendum, unless the Legislature declares it necessary for the immediate preservation of the public peace, health, or safety; and it will go into effect in accordance with the provisions of section 5111, Rev. Code 1919, but in the meantime it will not be subject to the referendum. If the Legislature declares such a law necessary for the immediate preservation of the public peace, health, or safety, and attaches to such law an emergency clause as provided for in section 22, art. 3 of the Constitution, then such law will go into effect immediately or at such time thereafter as the Legislature may fix, and in the meantime it will not be subject to the referendum. But a law that is necessary for the support of the state government or its existing public institutions is not subject to the referendum in any event, and will go into effect in accordance with the provisions of section 5111, Rev. Code 1919, unless the Legislature declares the existence of an emergency, under section 22, art. 3, Const., in which case such law will go into effect immediately or at such time as the Legislature may fix."

] This law under consideration relates to the public peace, health or safety; the whole justification for such laws is to be found in the police powers of the state. Home Building & Loan Ass'n v. Blaisdell, 290 U. S. 398, 54 S. Ct. 231, 78 L. Ed. 413, 88

A. L. R. 1481. However, respondent contends that the Legislature has failed to declare in the act, as stated in the quotation above from Hodges v. Snyder that it must, that the act is necessary for the immediate preservation of those things to which it relates, and that therefore it is not such an act as is free from the referendum and subject to being made immediately effective upon the declaration of the Legislature. We are unable to support this contention of respondent. The Legislature has by recital and by express declaration found an emergency both "economic and social," and has declared in the act "A state of emergency to exist." Clearly this declaration of an emergency based upon the recitals appearing in the preamble is equivalent to a declaration that the law is necessary for the immediate preservation of the public peace, health, or safety. Emergency is defined in Webster's International Dictionary, Second Edition, as, "An unforeseen combination of circumstances which calls for immediate action." By declaring the emergency the Legislature has declared the immediate necessity for the law.

It is the rule in this state, as stated in the above cases, that this court is called upon to determine whether a law is in substance and effect a law within the constitutional provisions relating to the referendum. It is necessary for us to determine, therefore, whether this law falls in a class which by the Constitution is freed from the referendum because it is only those laws not subject to the referendum that may be made immediately effective upon declaration by the legislature. Is this law necessary for the immediate preservation of the public peace, health, or safety, it having been so declared by the Legislature? In determining this question this court will look to the recitals in the act and also to the facts of which it takes judicial notice and always in case of doubt the legislative declaration should prevail. Applying these principles, it seems to us beyond dispute that at the present time this law falls within the excepted class. Certainly, when viewed in the light of the conditions found by the Legislature to exist and the conditions in South Dakota at the present time as this court knows them, we are not able to say that this law is not immediately necessary to protect the social and economic interests of this state. Throughout the entire northwest laws of this char-

acter have been sustained by courts only because of the emergency with which the people of this section of the country have been faced. The exigency which supports this type of legislation we are satisfied still exists in South Dakota. At least it has not disappeared to the extent that this court should override the legislative findings and declarations. Conditions in South Dakota have not materially changed since the Legislature made the findings incorporated in this act. In view of present conditions as we know them and as they have been declared by the Legislature, we are satisfied that the act clearly falls within the class of laws excepted from the referendum.

■ Respondent further contends that the declaration of the Legislature putting the act into immediate effect is based entirely upon that which precedes this declaration in section 14; that the only emergency declared in section 14 is that the act "is necessary for the immediate support of the state government and its existing institutions"; that the act is not one necessary for the support of the state government and that therefore the emergency declared in the section fails; that it follows that the declaration purporting to put the act into immediate effect also fails. For the purpose of this opinion we may concede that the act is not one necessary for the support of the state government and its existing institutions. However, we believe that respondent has attempted to place limitations upon the declaration which purports to put the act into immediate effect which are not justified when viewed in the light of the entire act. We believe the Legislature has declared the existence of two emergencies: First, that the emergency declared in the preamble based upon economic and social conditions found to exist; and, second, the emergency declared in section 14 based upon the immediate need for the support of the state government and its existing institutoins. We may ignore, therefore, the declaration of an emergency based upon the need of the state government and still have remaining in the act so far as here material the following: First, the act is one necessary for the immediate preservation of the public peace, health, or safety; second, the declaration of an emergency based upon prevailing conditions threatening the public peace, health or safety; and, third, the declaration of the Legislature that the act shall be immediately effective upon its passage and

approval. These three provisions are sufficient to meet every constitutional requirement and every requirement announced by this court necessary to give this law immediate effect upon its final passage by the Legislature and approval by the Governor. We do not believe the mere fact that the declaration putting the act into immediate effect is contained in the same paragraph of the law which recites an emergency based upon something to which the act does not relate necessarily excludes us from considering this declaration when another emergency declared in the act or in the preamble is sufficient to give validity to the clear and expressed legislative intent that the act should be immediately effective.

The order appealed from is reversed.

ROBERTS and SMITH, JJ., concur.

POLLEY, J., dissents.

WARREN, J., not sitting.