SHIELDS, Respondent, v. WELLS, Secretary of State, Appellant.

(276 N. W. 246)

(File Nos. 8122, 8123. Opinion filed December 2, 1937)

*Clair Roddewig,* Atty. Gen., and *Tom Eastman,* Asst. Atty. Gen., for Appellant.

*Tom Kirby* and *L. E. Waggoner,* both of Sioux Falls, for Respondent.

RUDOLPH, P. J. On the 3d day of June, 1937, there was tendered to the secretary of state a certain referendum petition for the purpose of referring to the vote of the people of this state an act of the Legislature known as Senate Bill No. 154, now chapter 218 of the Session Laws of 1937. This petition purported to contain the signatures of 17,188 qualified electors of the state. It is stipulated that, under the provisions of section 5069, R. C. 1919, the signatures of 14,696 qualified electors are necessary to invoke the referendum. It follows, therefore, that, if all of the signatures on the petition are such as should be counted, the petition is sufficient and has 2,492 signatures in excess of those required by the statute. The secretary of state determined the petition was insufficient and refused to file the same. This action was commenced to compel the secretary of state to file the petition. The circuit court held the petition sufficient, and the secretary of state has appealed.

Upon this appeal it is conceded that 14,284 of the signatures appearing upon the petition comply with the requirements of said section 5069. However, it is contended that as to the balance of the signatures there is a failure to comply with the requirements of this Code provision, and that it follows that the petition is insufficient to invoke the referendum. The said section 5069 provides as follows, so far as material here: "each elector shall add to his signature his place of residence, business, postoffice address, and date of signing."

It is stipulated that in 358 instances the signer of the petition failed to add the date of signing; in 1,580 instances the signer added to his signature the name of a certain town but failed to designate whether this town was his place of residence or post office address; in 242 instances the signer failed to add to his signature his business; in 724 instances the signer failed to designate his business and likewise failed to designate whether the name of the town appearing after his signature was his residence or post office address.

■ This court has consistently held that the requirements of section 5069 are substantial in their character and not merely requirements of form. O'Brien v. Pyle, 51 S. D. 385, 214 N. W. 623, 626; Morford v. Pyle, 53 S. D. 356, 220 N. W. 907, 909. In the Morford Case it was said: "These various acts, viz. signing the petition, inserting the signer's residence, his business, his post office address, the date of signing, and the verification by the person who circulates the petition, are all placed on the same footing by the Legislature; so that the insertion of these data by the signer and the verification by the circulator are just as important and as much required by the law as the names of the signers themselves. The permission contained in section 5073 to indicate the place of residence, business, and post office address by ditto marks is a concession to the petitioner, but does not excuse him from inserting the ditto marks himself, and does not purport to excuse him from himself writing in the date of signing the petition. These separate requirements of the statute are not difficult of understanding nor arduous to perform."

The pronouncement of this court in the two cases last above cited is but a reiteration of former holdings of this court with reference to statutory requirements relating to petitions seeking to invoke some official action. Speaking with reference to the statutory requirements of a petition for nomination to office, the court in the case of Harris v. King, 21 S. D. 47, 109 N. W. 644, 646, said: "The reason for requiring the elector's residence, business, and post office address to be stated in his own handwriting is apparent. If one of these matters may be disregarded, all may be, and a typewritten certificate which in fact represents the will of but one person would be effectual to secure the printing of a candidate's name on the official ballots. This court cannot say that the residence of the signer is less or more important than his signature, his business, or his post office address, because the Legislature has put each upon the same footing, and declared in plain and unmistakable terms that each shall appear in the handwriting of the subscribing elector." See, also, Lucas v. Ringsrud, 3 S. D. 355, 53 N. W. 426; Jacobs v. Pyle, 52 S. D. 537, 219 N. W. 247.

■■ Applying the above principles to the signatures upon the petition where it appears there was a failure to add the date

of signing, it is clear that such signatures should not be counted. Under the rule above announced the adding of the date of the signing is "as much required by the law as the names of the signers themselves." This brings us to those 1,580 signatures which are followed simply by the name of a town without designating whether that town is the residence or postoffice address of the signer. It is respondent's contention that, where a signature is simply followed by the name of a town, it must be concluded, without other evidence, that the designated town is both the residence and post office address of the signer. The respondent contends that such rule must necessarily follow because of the verification upon the petition wherein the person circulating the petition swears that each signer "added thereto his place of residence, his business, his postoffice address and date of signing." However, it would seem clear, if the signatures and data furnished in the body of the petition do not meet the requirements provided in section 5069, the verification should not be resorted to to cure any failure to meet such requirements. "The law [section 5069] requires the signer to do the whole job himself." O'Brien v. Pyle, supra. If the signer fails to give the necessary information, obviously, under the rule above announced, the secretary of state is not permitted to gain that information from any source be it the verification or otherwise.

■■ Does the signer give the necessary information or is there a substantial compliance with the statute when the signer simply follows his name with the name of a town without designating whether that named town is his postoffice address or his residence? The argument of respondent is somewhat as follows: Ellis, S. D., is a very small town; John Jones signs his name upon the petition, "John Jones, Ellis, South Dakota," and follows this by giving his business and the date of signing. Respondent says that it would be absurd to require John Jones, who lives in this town, to twice insert the name of the town. But, in our opinion, simply because John Jones signs his name and follows it with the name of the town of Ellis, S. D., in no way establishes that John Jones lives in Ellis. The statute requires that John Jones must furnish not only the name of his residence, but his post office address. It might be that, when John Jones added the name of the

town of Ellis after his name, he intended to designate his post office address. John Jones might live out in the body of the county and have his residence in a township a good many miles from the town of Ellis, his post office address. Our examination of the petition discloses, in instance after instance where the requirements of the statute have been met, the signer of the petition gives his post office address as one of the smaller towns in the state and his residence in some rural section. There is nothing of which this court is aware or disclosed by this petition which in any way establishes that the post office address and residence of a person is one and the same to the extent that we might reasonably say, simply because a person adds to his name the name of a town, he intends thereby to designate both his post office address and residence.

For this court to hold the named town to be both post office address and residence of the signer, it must so hold by inference or assumption; that is, it must infer or assume that the residence and the post office of the signer is one and the same. We are convinced that no such inference or assumption should be indulged. The requirements of the statute are explicit; that such requirements were reasonably subject of fulfillment is evidenced by the fact that more than 14,000 signers of this petition met these requirements. To permit the signatures here involved to be counted would be to recede from the standard set by this court in the O'Brien and Morford Cases. In each of those cases it was pointed out that the data required by the statute to be given by the signer is just as important as the signature itself. Where the signature is simply followed by the name of a town without designating whether that town is the post office address or the residence of the signer, such town might be either the post office address or the residence. If intended for the post office address, the signer has failed to give his residence; if intended for the residence, the signer has failed to give his post office address. In either of these events the signer has failed to furnish the data which the statute requires. True, the designated town might be both post office address and residence, but, for this court to so hold, it must do so either by inference or assumption. An assumption is simply supposing something to be true without proof. Obviously, this petition should not be valid-

ated by assumption. An inference is the process of reasoning from something known to something else which naturally follows from it. All we know in this instance is that the signature is followed by the name of a town. It does not, in our opinion, naturally follow from this known fact that such town is both post office address and residence of the signer. It might be either. The statute requires both.

What has been said with regard to these 1,580 signatures applies equally to the 724 signatures where the signer failed to designate his business and likewise failed to designate whether the name of the town appearing after his signature was his residence or his post office address.

We are further convinced that, when the principles above announced are applied to the 242 instances where the signer failed to state his business, these signatures are rendered invalid. We therefore have a total of 2,904 signatures upon this petition which the secretary of state correctly refused to count or consider. Deducting these 2,904 signatures from the total number of 17,188 appearing upon the face of the petition leaves a balance of 14,284 signatures. This number is less than the number stipulated as being required to make the petition valid.

The judgment and order appealed from are reversed, with directions to dismiss the proceedings. No costs to be taxed.

All the Judges concur.