STATE ex rel JENSEN, Plaintiff, v| WELLS, Secretary
of State, Defendant

(281 N. W. 357.)

(File No. 8109. Opinion filed September 10, 1938.)

270

*O'Keeffe & Stephens,* of Pierre, for Plaintiff.

*Clair Roddewig,* Atty. Gen., *Donald Fellows,* of Mitchell, and
*L. J. Ballou,* of Bridgewater; for Defendant.

PER CURIAM. On July 24, 1937, upon application of Leslie Jensen, an order to show cause was issued by this Court wherein it was ordered that Goldie Wells, Secretary of State, show cause

why a writ of prohibition should not be granted restraining and prohibiting her from submitting chapter 102, Laws 1937, to a vote of the electors at the next general election.

A petition purporting to be signed by not less than five per cent of the qualified electors of this state was left for filing with the Secretary of State on June 3, 1937. It is agreed that the number of valid signatures required to submit this statute to a vote of the electors at the next general election is 14,696. The petition as filed with the Secretary of State contains 21,582 names; this is 6886 in excess of the number required. Plaintiff alleges, giving numbers in each case, (1) that some of the signers did not add to their signatures their place of residence, business, postoffice address, or date of signing; (2) that others have signed more than once; (3) that some names were not signed by the persons whose names they purport to be; (4) that sections of the petition have been materially altered; (5) that there are signers who were not residents of the county wherein a section of the petition was circulated; and (6) that certain affidavits attached to sections of the petition are false and unlawfully appended thereto for one or more of the following reasons: (a) that some names were not signed in the presence of the circulator; (b) that sections of the petition contain the names of persons with whom the circulators were not acquainted and who were not known to them to be qualified electors; (c) that certain sections contain names of persons not residents of the county designated in the affidavits; (d) that certain sections contain the names of persons who did not know the contents of the petition; (e) and that affidavits appended to certain sections of the petition were not signed and sworn to in the presence of notaries public or other officers before whom the same purport to have been signed and sworn to.

The petition contains 579 sections on printed forms and at the top of the first page of each section is the following heading:

"We, the undersigned, qualified electors of the State of South Dakota, hereby petition that the Act of the Leglislature of the State of South Dakota, entitled, 'An Act to Abolish the Division of Inspections and Administration of Regulatory Laws and the Offices Thereof of the Department of Justice and Public Safety as Now Existing, and to Transfer the Duties, Powers and Functions Thereof

to the Secretary of Agriculture,' and known as Senate Bill No. 175 which was passed by the 25th Session of the Legislature of the State of South Dakota on the 24th day of February, A. D. 1937, and approved by the Governor of the State of South Dakota on the 1st day of March, 1937, be referred and submitted to a vote of the electors of the State of South Dakota, at the next general election to be held in the State of South Dakota.

| Name | Residence | Business | Postoffice Address | Date of Signing" |
|------|-----------|----------|--------------------|------------------|

Each section containing three pages for signatures has at the bottom of the last page an affidavit in the form prescribed by statute. The pages of the petition have been numbered consecutively and reference to a section of the petition will hereafter be made by the number appearing on the first page of the section.

 This court appointed a commissioner to take evidence and the evidence so taken has been submitted to the court. Consideration and determination of issues of fact are principally involved. The questions of law are substantially the same as presented and determined in State ex rel. Jensen v. Wells, 66 S. D. 236, 281 N. W. 99. We will first consider contentions of counsel that evidence submitted established frauds and omissions on the part of circulators and requires the rejection of sections of the petition. Section 5067, Rev. Code 1919, requires in express terms that each signer shall add to his signature his place of residence, business, postoffice address and date of signing. Section 5074, Rev. Code 1919, requires that every person circulating and securing names to a petition, before filing, attach an affidavit sworn to before an officer qualified to administer oaths and having an official seal in the following form:

"I, ......................., being first duly and solemnly sworn, on my oath state, that I am a qualified voter of the state of South Dakota. That I am acquainted with all the persons whose names are affixed to the above and foregoing paper and know that each one of said persons signed said paper personally and added thereto his place of residence, his business, his postoffice address and date of signing. That each and all of said persons are residents and qualified electors of the county of........., state of South Dakota. That each of said persons signed said

petition with full knowledge of its contents. That I have received no compensation whatever or promise of compensation for my services in circulating said petition.

"................................"

The affidavit in several instances was made before an officer having no official seal. There was an omission to affix the seal or the affidavit was made before an officer having no official seal in the following sections of the petition: 1, 674, 684, 889, 947, 959, 1002, 1199, 1634, 1655, and 1714. The 285 signers in these sections cannot be counted.

The following is a list of sections which counsel for defendant concede should be rejected: 76, 79, 106, 598, 1082, 1259, 1262, 1274, 1277, 1373, 1385, 1388, 1391 and 1418. These are instances in which a section has been in the hands of more than one circulator. The 674 signers in these parts of the petition are not entitled to be counted.

The affidavit of the circulator in each of the other sections of the petition purports to have been made before an authorized officer and contains every substantial fact required by statute, but it is contended that certain sections should be rejected for the reason that the presumption of genuineness arising from the affidavits of circulators has been overcome. This court in the case of State ex rel. Jensen v. Wells, supra, in discussing the effect of a false verification, said: "The affidavit must not only be false, but it must also be made fraudulently, which fact must be established by evidence before it can be held that the affidavit is invalid and thereby destroy the whole section of the petition to which it is attached. * * * Clearly mere falsity of the affidavit does not establish that it is fraudulent; there must be scienter or knowledge: If the affiant has some reasonable ground upon which to believe in the truth of the statement contained in the affidavit, we do not believe the affidavit should be said to have been made fraudulently. It must also appear that there was an intent to deceive. The intent to deceive is the essential element of fraud." After a careful examination of alleged irregularities in the petition and consideration of the evidence we are convinced that in numerous instances the signer did not write in his own handwriting his residence or other information required by statute. We

also find that two or more names in a section of the petition or data in two or more lines have been written by one person. There is some contradiction of the testimony of a handwriting expert upon whose testimony plaintiff relies and the reliability of his testimony has been challenged. We have cautiously considered and weighed the testimony of each of the handwriting experts testifying in this proceeding and have not considered their opinions binding. Either two or more lines or parts of lines were written by one person or data was written by some other person than the signer with the knowledge of the circulator in each of the following sections of the petition: 37, 115, 135, 144, 156, 165, 174, 189, 222, 234, 243, 282, 295, 319, 327, 336, 348, 363, 434, 443, 494, 553, 559, 568, 571, 580, 583, 586, 595, 628, 640, 648½, 662, 678, 726, 732, 742, 748, 790, 823, 841, 880, 892, 922, 931, 1014, 1058, 1067, 1073, 1091, 1112, 1127, 1133, 1136, 1166, 1169, 1190, 1196, 1268, 1271, 1295, 1313, 1334, 1349, 1352, 1364, 1394, 1441, 1500, 1548, 1572, 1598, 1610, 1708, 1717, and 1726. Circumstances referred to in State ex rel. Jensen v. Wells, supra, do not appear. We there stated that where there were immaterial alterations or where a name or data was written at the request of a person incapable of writing in such a manner that it appears that there was no intent to deceive, though the signature could not be counted, the verification was not fraudulent; that there is an absence of intentional fraud or guilty knowledge on the part of the circulator where such circumstances appear. There are 3,959 signers appearing in the sections above listed and these are not entitled to be counted.

 Section 1163 signed by 11 electors must be rejected. These are admitted duplicates. We find that some names in sections 607 and 1250 were not signed in the presence of the circulators. The 55 signers in these two sections must be rejected. Morford v. Pyle, 53 S. D. 356, 220 N. W. 907.

 We come now to a consideration of the objections of counsel to the genuineness of signatures in the sections of the petitions upon which no attack has been made upon the verifications or there is no determination of invalidity. We find that in these sections of the petition 1,901 signers have given the name of the county in the residence column and 23 others have given "farm" or "ranch" as their residence. This does not comply with the

terms of the statute as interpreted by this court in State ex rel. Jensen v. Wells, supra.

We find that 127 signers in these sections of the petition omitted to add to their signatures some or all of the information required by statute and are not entitled to be counted.

The statute expressly provides that the place of residence, business, and postoffice address may be indicated by ditto marks if they are the same as those written upon the preceding line but no reference is made to the use of ditto marks in the date column. Section 5073, Rev. Code 1919; Morford v. Pyle, supra. We find that 32 signers used ditto marks in the date column. These names must be rejected.

■ There are at least 36 names which cannot be counted for the reason that being unable to write the petitioner requested the circulator or some other person to write his name or to complete his line. Under these circumstances, as we indicated in State ex rel. Jenson v. Wells, supra, there being an absence of fraud or guilty knowledge on the part of the circulator, the verification is not invalidated, but the name cannot be counted.

■ The record discloses that there are at least 7,103 invalid signatures. The petition does not therefore contain the requisite number of valid signatures to invoke a referendum.

The Secretary of State is required not less than 85 nor more than 89 days before the general election to certify to the several county auditors the referred laws to be voted upon at such election. Section 7216, Rev. Code 1919, as amended by chapter 219, Laws 1921; Sections 7204, 7207, Rev. Code 1919. The referred laws have been certified, but insofar as the act in question is concerned the Secretary of State acted without authority. Putnam v. Pyle, 57 S. D. 250, 232 N. W. 20. A judgment will be entered declaring the petition invalid and requiring a corrected certification of referred laws. No costs will be taxed.

All the Judges concur.