STATE ex rel. EVANS, Appellant, v. RIIFF, Respondent.

(42 N. W.2d 887)

(File No. 9135. Opinion filed May 29, 1950)

**Stephens & Riter,** Pierre, for Plaintiff and Appellant.

**Sigurd Anderson,** Atty. Gen., **E. D. Barron,** Asst. Atty. Gen., **W. O. Knight,** Asst. Atty. Gen., for Defendant and Respondent.

SMITH, J. On February 11, 1949, there was filed in the office of the Secretary of State of South Dakota, a petition entitled "Petition for Initiative Act" which proposed that the legislature of South Dakota enact and submit to the electors of South Dakota an act in words and figures thereafter published as Chapter 19 of the Laws of 1949. On that

same day the Secretary of State by separate communications purported to  transmit certified copies of said petition to the Senate and House of Representatives in accordance with SDC 55.0401.  As revealed by Ch. 19, Laws of 1949, supra, the legislature enacted the proposed act and submitted it to the electors.  Subsequently the plaintiff above-named made application to the circuit court of Hughes county for a writ prohibiting the secretary of State from submitting the described act to the voters. Cf. SDC 16.1302.  The application of the petitioner was grounded upon the theory that all that was done by the Secretary of State, and the legislature subsequently to the filing of the petition in the office of the Secretary of State was ineffective, null and void because the copies of the petition transmitted to the Senate and House of Representatives were not true certified copies as required by SDC 55.0401, in that over twelve thousand signatures appearing on the original petition were not reproduced in the certified copies, and the certification was not in the form prescribed by SDC 55.1205.  The trial below resulted in a denial of the petition and a judgment dismissing the proceeding.  The petitioner has appealed.

In support of the judgment of the trial court, the Attorney General asserts that the submission of an act to the electors by the legislature under the initiative provisions of our constitution is a legislative or lawmaking process with which the judicial branch of our government is powerless to interfere.

This jurisdictional contention is founded on the holding of this court in State ex rel. Cranmer v. Thorson, 9 S.D. 149, 68 N.W. 202, 203, 33 L.R.A. 582.  A constitutional amendment was then in process.  Pursuant to art. XXIII, § 1, of the constitution, the legislature had determined to submit a proposed amendment to the vote of the people. The plaintiff in that case asked the court to interfere and enjoin the Secretary of state from certifying the proposed amendment to the county auditors as the statutes directed. The much quoted opinion of the late Mr. Judge Haney embraces the following, viz.:  "There is another view, which involves the structure of the state government and the relation of its several departments.  Should it be conceded

that the relator has such an interest in the matter as entitles him to be heard, or that the action involves a question of such public concern as would warrant an attempt by the attorney general to obtain an injunction, could this court issue it? No precedent for such action has been presented by counsel or discovered by the court. In discussing this phase of the case it will be assumed an amendment of the constitution was intended requiring the concurrent action of the legislature and electors. The former has acted. Its action will be communicated to the latter by means of defendant's certificate. Until the latter shall have expressed their approval, the proceeding is incomplete, and the constitution will remain unchanged. The proposed amendment is on its way to the electors. Can this court, at this time, impede its progress? Can it be called upon to anticipate conditions which may never exist? Can it interpose its process between the legislature and electors, who are alone clothed with power to modify the fundamental law, before both have acted, and while the matter is pending and incomplete? The powers of the state government are divided into three distinct departments,—the legislative, executive and judicial. The powers and duties of each are prescribed by the constitution. Const. art. 2. Power to amend the constitution belongs exclusively to the legislature and electors. It is legislation of the most important character. This court has power to determine what such legislation is, what the constitution contains, but not what it should contain. It has power to determine what statutory laws exist, and whether or not they conflict with the constitution; but it cannot say what laws shall or shall not be enacted. It has the power, and it is its duty, whenever the question arises in the usual course of litigation, wherein the substantial rights of any actual litigant are involved, to decide whether any statute has been legally enacted, or whether any change in the constitution has been legally effected, but it will hardly be contended that it can interpose in any case to restrain the enactment of an unconstitutional law. * * * If the legislature cannot be enjoined when engaged in the enactment of unconstitutional statutes, it and the electors cannot be enjoined when engaged in an unwar-

ranted attempt to amend the constitution. To issue an injunction in this action would be to enjoin the legislature and electors in the exercise of their legislative duty. Suppose a bill, having passed the legislature, is in possession of the governor, or, to make the analogy more nearly complete, suppose it is being conveyed to the executive by an officer of the legislature, would any one imagine the progress of the messenger could be arrested by an injunction? The inquiry answers itself. Is there any distinction in principle or reason between such a case and the case under discussion? Clearly none. * * * If they cannot prevent the legislature from enacting unconstitutional laws, they cannot prevent it and the electors from making ineffectual efforts to amend the constitution."

There are courts which entertain a different view. Winget v. Holm, 187 Minn. 78, 244 N.W. 331; Ellingham v. Dye, 178 Ind. 336, 99 N.E. 1, Ann.Cas.1915C, 200; Crawford v. Gilchrist, 64 Fla. 41, 59 So. 963, Ann.Cas.1914B, 916; Livermore v. Waite, 102 Cal. 113, 36 P. 424, 25 L.R.A. 312; and Mathews v. Turner, 212 Iowa 424, 236 N.W 412. In Winget v. Holm, supra, it was written, "There seems to be no good reason why the court should not interpose to save the trouble and expense of submitting a proposed constitutional amendment to a vote, if it be not proposed in the form demanded by the Constitution, so that, though approved by the electors, the courts would be compelled to declare it no part of the Constitution." [187 Minn. 78, 244 N. W. 332]

Deeming themselves without power to halt a legislative or lawmaking process, other courts have adhered to the doctrine of State ex rel. Cranmer v. Thorson, Spies v. Byers, 287 Ill. 627, 122 N.E. 841; State ex rel. Byerley et al. v. State Board of Canvassers, 44 N.D. 126, 172 N.W. 80; People ex rel. O'Reilly v. Mills, 30 Colo. 262, 70 P. 322; Threadgill v. Cross, 26 Okl. 403, 109 P. 558, 138 Am.St.Rep. 964; In re Initiative Petitions Nos. 112, 114, 117, 118, 153 Okl. 205, 6 P.2d 703; State ex rel. Bullard v. Osborn, 16 Ariz. 247, 143 P. 117; Scott v. James, 114 Va. 297, 76 S.E. 283; Gaskins v. Dorsey, 150 Ga. 638, 104 S.E. 433; State ex rel. Marcolin et al. v. Smith, 105 Ohio St. 570, 138 N.E. 881; and Hutcheson

v. Gonzales, 41 N.M. 474, 71 P.2d 140, 141. We think the delay incident to the requirement that litigation await the completion of the legislative process is a small price to pay to maintain inviolate the vital principle of separation of powers peculiar to our polity. And we thing this principle of noninterference is as valid when applied to lawmaking at the highest level, viz., in the constitutional field, and in lawmaking under the powers reserved to the people by the initiative provisions of the constitution, as it is when applied to the functions of the legislature. Cf. State ex rel. Byerley v. State Board of Canvassers, 44 N.D. 126, 172 N.W. 80; State ex rel. Bullard v. Osborn, 16 Ariz. 247, 143 P. 117, and In re Initiative Petitions Nos. 112, 114, 117, 118, 153 Okl. 205, 6 P.2d 703; Dodd's The Revision and Amendment of State Constitutions, p. 232.

By§ 1, of art. III of the constitution it is provided that "The legislative power of the state shall be vested in a legislature which shall consist of a senate and house of representatives, except that the people expressly reserve to themselves the right to propose measures, which measures the legislature shall enact and submit to a vote of the electors of the state, and also the right to require that any laws which the legislature may have enacted shall be submitted to a vote of the electors of the state before going into effect, except such laws as may be necessary for the immediate preservation of the public peace, health or safety, support of the state government and its existing public institutions: Provided, that not more than five per centum of the qualified electors of the state shall be required to invoke either the initiative or the referendum."

An initiative petition was filed in the office of the secretary of state as provided by SDC 55.0401 as we have indicated. The legislature enacted the measure proposed by the petition and submitted the same to the electors, all as provided by the foregoing provisions of the constitution. The trial court was asked to prohibit the secretary of state from carrying out the specific directions of the legislature. The case cannot be distinguished from State ex rel. Cranmer v. Thorson, supra, and is ruled thereby. The petition seeks relief which is beyond the competency of the courts.

Instances of the assumption of jurisdiction to further and safeguard the constitutional and statutory processes of legislation, as for example the assumption of jurisdiction to determine whether a statute enacted by the legislature is a final legislative, act or is subject to referendum as in State ex rel. Botkin v. Morrison, 61 S.D. 344, 249 N.W. 563, or to determine the sufficiency of a petition to invoke the referendum as in O'Brien v.Pyle, 51 S.D. 385, 214 N.W. 623; State ex rel. Jensen v. Wells, 66 S.D. 269, 281 N.W. 357, although seemingly inconsistent with the doctrine of State ex rel. Cranmer v. Thorson, supra, are not to be considered as revealing an intention to recede from that doctrine. In dealing with such an apparent inconsistency, the North Dakota court in State ex rel. Byerley v. State Board of Canvassers, supra, wrote as follows: "According to this view, the amending process is not to be frustrated, but is to be aided, where necessary, by compelling the performance of ministerial duties by those over whom the great body of legislators (the people) have no other means of control. It would seem that the basic principle of noninterference with the affairs of a co-ordinate branch of the government is sometimes best observed in the case of the initiative and referendum by a resort to the apparent anomaly of judicial compulsion as applied to the acts of ministerial agents." [44 N.D. 126, 172 N.W. 83]

Consideration of other matters advanced is foreclosed by the view that the courts are without power in the premises.

The judgment of the trial court is affirmed.

HAYES, P.J., and ROBERTS and RUDOLPH, JJ., concur.

SICKEL, J., concurs in result by opinion.

SICKEL, J. (concurring). The question in this case is whether the circuit court erred in denying a writ of prohibition preventing the secretary of state from certifying the initiative law to the county auditors to be printed on official ballots at the next general election. It involves the administrative duties of the secretary of state. I concur in the conclusion reached in the majority opinion that the judgment

of the circuit court denying the writ should be affirmed, but not for the reasons stated in the majority opinion.

The majority opinion is based on the ground that the courts have no power to restrain or interfere with the enactment of a law whether by the legislature or by the people under the initiative provisions of the constitution. The opinion is based entirely on the case of State ex rel. Cranmer v. Thorson, 9 S.D. 149, 68 N.W. 202, 33 L.R.A. 582. That was an action brought by an elector and taxpayer to enjoin the secretary of state from certifying to the auditors a resolution relating to the repeal of constitutional prohibition. One issue was whether the form of the resolution was sufficient to constitute an amendment to the constitution, and whether the secretary of state had authority to submit it to the electors. This court held that it was the statutory duty of the secretary of state to submit it, whether it constituted a constitutional amendment or not. The court also denied the injunction on the ground that it had not been shown in what respect the relator would have been injured by the certification of the resolution by the secretary of state, and that the essential ground of equitable jurisdiction was wanting. Then on the assumption that grounds for equitable jurisdiction did exist, and that the resolution was a proposal to amend the constitution requiring the concurrent action of the legislature and the electors, the court concluded that it could not interpose its process between the legislature and the electors before both had acted, for the sole purpose of determining whether the proposed measure would in fact constitute an amendment to the constitution, if finally adopted. Upon that principle this court now decides that the court had no jurisdiction to issue a writ of prohibition to prevent the secretary of state from certifying the initiated law.

This court said in Putnam v. Pyle, 57 S.D. 250, 232 N. W. 20, 23: "At common law and in this state prior to the amendment of 1921 (chapter 424) the writ of prohibition was confined to prohibiting judicial or quasi judicial action in excess of jurisdiction. State ex rel. Byrne v. Ewert, 36 S.D. 622, 156 N.W. 90; State ex rel. Isaacson v. Parker, 40 S.D. 102, 166 N.W. 309; State ex rel. Commonwealth Finance

Corp. v. Circuit Court of Beadle County, 43 S.D. 421, 179 N.W. 691. After these decisions the Legislature by the amendment of 1921 extended the use of the writ of prohibition to prohibit unauthorized administrative acts as well as judicial action in excess of jurisdiction, and since then proceedings of this nature could be fully determined under a writ of prohibition. * * * We have concluded the action is not in equity because plaintiff is not seeking equitable relief or the protection of rights cognizable by equity."

This is not an injunction case. Neither does it involve the constitutionality or interpretation of the initiative law. Rather it involves an administrative duty of the secretary of state.

The initiative and referendum are authorized by art. III, § 1, of the Constitution. That section directs that the legislature shall "make suitable provisions for carrying into effect the provisions of this section." The constitution does not supply the means by which the right of the people to initiate a law may be exercised or enforced. It does not impose upon the secretary of state or any other officer the duty to bring the Act before the people, but expressly directs the legislature to enact the administrative provisions necessary to carry the constitution into effect. The constitution is therefore not self-executing and without administrative legislation the referendum clause of the constitution would be wholly ineffectual. State ex rel. Richards v. Burkhart, 44 S.D. 285, 183 N.W. 870. The duty imposed upon the secretary of state to certify the measure to the county auditor is suitable and reasonable, and it is a necessary step in the process of submission. There can be no duty to certify an initiated or referred measure unless it appears that the mandatory administrative provisions applicable thereto have been observed. These principles have been accepted by this court without question in numerous cases. State ex rel. Richards v. Burkhart, supra; O'Brien v. Pyle, 51 S.D. 385, 214 N.W. 623; Morford v. Pyle, 53 S.D. 356, 220 N.W. 907; State ex rel. Wegner v. Pyle, 55 S.D. 269, 226 N.W. 280; State ex rel. Coon v. Morrison, 61 S.D. 339, 249 N.W. 318; Shields v. Wells, 65 S.D. 552, 276 N.W. 246; State ex rel. Jensen v. Wells, 66 S.D. 269, 281 N.W. 357. If

the rule applied in State v. Thorson, supra, is to be applied to the administrative provisions of the statutes relating to the initiative and referendum, the remedy by prohibition to test the regularity of these proceedings is lost.

It was the duty of the secretary of state to certify the initiatory petitions to the legislature in the form provided by statute, and this duty was enforceable, but it was one which the legislature could, and did, waive.