HEADLEY, Respondent v. OSTROOT, Defendant
DeVRIES et al., Intervenors and Appellants

(76 N.W.2d 474)

(File No. 9560. Opinion filed May 1, 1956)

**Martens, Goldsmith & May,** Pierre, for Plaintiff and Respondent.

**Phil Saunders,** Atty Gen., **E. D. Barron,** Asst. Atty. Gen., for Defendant.

**Lacey & Parliman,** Sioux Falls, for Intervenors and Appellants.

RUDOLPH, J. A petition purporting to be signed by 17,100 qualified electors of the state was filed in the office of the Secretary of State on June 1, 1955, for the purpose of submitting Senate Bill 6, ch. 41, Laws of 1955, to a vote of the people at the general election to be held in November 1956.

It is without dispute in the record that a large number of the signers did not add to their signatures their places of residence. It is also without dispute that in each instance the post office address, business and date of signing were added to the signature.

SDC 55.0402 provides that each signer of a referendum petition "shall add to his signature, his place of residence, business, post office address, and date of signing, * * *." If it is essential that the place of residence be added to the signature, it is conceded that the petition is without sufficient signatures to invoke the referendum. The trial court held that signatures without the addition of the place of residence of the signer were not to be counted and held the petition insufficient. This appeal presents the single question of whether it is within the power of the legislature to require that a signer of a referendum petition add his place of residence in addition to his post office address.

Appellant contends that to require the place of residence to be added to the signature in addition to the post office address is unreasonable, and unnecessarily impedes the constitutional right of referring a law to a vote of the electors.

Art. III, § 1 of our Constitution provides:

" The legislative power of the state shall be vested in a legislature * * *, except that the people expressly reserve to themselves the right * * * to

require that any laws which the legislature may have enacted shall be submitted to a vote of the electors of the state before going into effect, except such laws as may be necessary for the immediate preservation of the public peace, health or safety, support of the state government and its existing public institutions: Provided, that not more than five per centum of the qualified electors of the state shall be required to invoke either the initiative or the referendum. * * * The legislature shall make suitable provisions for carrying into effect the provisions of this section."

This constitutional provision is not self-executing. The constitution expressly directs the Legislature to make suitable provisions for carrying the constitutional provisions into effect. "Suitable" as used in this constitutional provision means reasonable. State ex rel. Richards v. Burkhart, 44 S.D. 285, 183 N.W. 870.

The question then resolves itself to whether the requirement that both post office address and place of residence be added to the signature is a reasonable regulation for the purpose of carrying the constitutional provision into effect.

██ We have never had before us the exact question here presented, but this court has held, and the holding has been reaffirmed that the requirements of SDC 55.0402 are substantial in character and not merely requirements of form. State ex rel. Jensen v. Wells, 66 S.D. 236, 281 N.W. 99; Shields v. Wells, 65 S.D. 552, 276 N.W. 246; Morford v. Pyle, 53 S.D. 356, 220 N.W. 907; O'Brien v. Pyle, 51 S.D. 385, 214 N.W. 623. Implicit in the holding that these statutory requirements are "substantial in character" is the thought that they are important and essential elements of the law giving effect to the constitutional provision relating to the initiative and referendum. Considered in their entirety these requirements are to prevent fraud or corruption in securing the petitions. Morford v. Pyle, supra.

██ We have also held that these statutory requirements are not difficult of understanding nor arduous to perform. Morford v. Pyle, supra; Shields v. Wells, supra. This holding is confirmed by the number of instances where

proper petitions have been filed with the Secretary of State to invoke either the initiative or a referendum. See Annotations to Art. III, § 1, Constitution, appearing in Session Laws, 1955.

■ Whether the requirement that a signer of a referendum petition must add his residence in addition to his post office address is a reasonable requirement is to be determined by the legislature in the first instance. The function of the court is only to determine whether this requirement bears any real relation to the duty imposed upon the legislature to give effect to the constitutional provision, or whether the requirement is a palpable invasion of the right to refer a law to the people. In case of doubt, the court should give effect to the will of the legislature. State ex rel. Richards v. Whisman, 36 S.D. 260, 154 N.W. 707, L.R.A.1917B, 1; Hodges v. Snyder, 43 S.D. 166, 178 N.W. 575; Culhane v. Equitable Life Ass'n Soc., 65 S.D. 337, 274 N.W. 315.

■ If effect is to be given to the constitutional provision it is clear that safeguards must be established to prevent fraud and corruption in securing the petitions. In this connection it is essential, we believe, that the petitions disclose information which will readily permit anyone to check the petitions and determine if the signers are qualified. The legislature has declared that a statement of both residence and post office address tends to accomplish this purpose, and in a manner better suited to the purpose than simply the statement of the post office address and not the residence. This court has pointed out that residence and post office address are not always the same,, and has refused to assume or infer that they are. Shields v. Wells, supra. It would therefore appear that a statement of residence and post office address furnish real aids in checking the petition. Knowing where John Jones resides facilitates locating him with more ease at least than simply knowing that John Jones has a certain town as a post office address. We also know that in many instances there are people who have same name with the same town as a post office address.

It might well be if the requirement that both post office address and residence be stated were difficult of

understanding or arduous to perform the advantage gained from statement of both would be overcome, and the requirement be deemed unreasonable, but as above pointed out the requirement is neither difficult of understanding nor arduous to perform.

This provision of the statute which is now challenged has been the law of this state since 1899. Laws of 1899, Ch. 93, § 3. Throughout the years thousands of electors of this state have been able to meet the requirement about which complaint is now made. True, there have been instances where the requirement has not been met, but in some of those instances, at least, the situation was similar to facts presently before us where the printed petition failed to have a column for residence. We are convinced that there would have been no difficulty in meeting the requirements of the statute in this instance had sections of the petition been properly prepared. This convicition is based upon the fact that many of the sections were in proper form and the signers of those found it neither difficult nor arduous to set forth residence, post office address and fully comply with the statute.

We have checked the constitutions and laws of several other states having the initiative and referendum. In each instance a statement of residence is required. Ariz. Const. Art. 4, Pt. 1, § 1(9); Calif.Const. Art. 4, § 1; Colo.Const. Art 5, § 1; Mich. Const. Art. 5, § 1; Oklahoma Statutes 1951, Title 34, § 2; New Mexico Statutes 1953, Ch. 3, Art. 7, Sec. 14; Ohio Code 1934, § 4227-4. The Arizona constitution in addition to requiring the statement of residence requires the post office address. The Michigan and California constitutions require in addition to the statement of residence with street and number, if any, the election precinct. The laws of Oklahoma and New Mexico require a statement of both post office address and residence, and the laws of Ohio require residence including street and number, if any, and election precinct. So far as we have been able to determine none of these statutory provisions have been held unreasonable or to unnecessarily impede the constitutional right of referring a law to the vote of the electors,

and in three of the mentioned states the requirements are expressly written into the constitutional provision.

We find no palpable invasion of the right to refer a law to a vote of the people. We believe the legislative action was in good faith and resulted in a law which we are unable to declare bears no real relation to giving effect to the constitutional provision.

The judgment appealed from is affirmed.

All the judges concur.