Argued and submitted July 30, reversed and remanded with instructions
October 10, reconsideration denied December 21, 1984, petition for review denied
January 15, 1985 (298 Or 553)

# ROBERTS,
*Respondent,*

*v.*

# THIES,
*Defendant,*

*and*

# CITY OF EUGENE,
*Appellant.*

(16-80-04750; CA A29113)

689 P2d 356

John Arnold, Eugene, argued the cause for appellant. On the briefs were Martha L. Walters, and Harrang, Swanson, Long & Watkinson, P.C., Eugene.

Wayne G. Helikson, Eugene, argued the cause and filed the brief for respondent.

William J. Juza, Salem, and Chris Thomas, Portland, filed a brief amicus curiae for City of Salem and City of Portland. Fred Roy Neal III, Salem, for League of Oregon Cities, joined in the amicus curiae brief.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant City of Eugene appeals from a judgment in which it was found liable under 42 USC § 1983 (1982),[1] for refusing to issue a ballot title to refer to the city's voters an ordinance adopted by the Eugene City Council.

Defendant assigns as error the following rulings of the trial court: (1) granting plaintiff partial summary judgment on the issue of whether the ordinance was subject to a referendum and denying defendant's cross-motion on that issue; (2) granting plaintiff partial summary judgment on the issue of defendant's liability under 42 USC § 1983 (1982); and (3) denying defendant's motion to dismiss for failure to state ultimate facts sufficient to constitute a claim.

Defendant's three assignments of error raise two issues in this appeal. Because we decide that the ordinance in question is not municipal legislation subject to a referendum under Article IV of the Oregon Constitution,[2] we need not discuss whether plaintiff may assert a claim under 42 USC § 1983 (1982).

In 1970, the Eugene City Council adopted the Eugene-Springfield Metropolitan 1990 General Comprehensive Land Use Plan; this plan was acknowledged by the Land Conservation and Development Commission in 1977. In 1978, the Eugene City Council adopted a refinement of the general plan for the Whiteaker Community that called for the development of a park in the Blair neighborhood. In August, 1979,

---

[1] 42 USC § 1983 (1982) provides, in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit or equity, or other proper proceeding for redress. * * *"

Plaintiff claims that the city's arbitrary refusal to issue a ballot title deprived her of liberty or property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

[2] Article IV, section 1(5), of the Oregon Constitution provides:

"The initiative and referendum powers reserved to the people by subsections (2) and (3) of this section are further reserved to the qualified voters of each municipality and district as to all local, special and municipal legislation of every character in and for their municipality or district."

pursuant to statutory authority,[3] the council adopted Ordinance No. 18488, authorizing the acquisition by eminent domain, of property for this purpose.

Plaintiff was opposed to that ordinance and applied for a ballot title to subject the ordinance to a municipal referendum. The city attorney refused to issue a ballot title on the ground that the ordinance is not subject to referendum. Plaintiff did not seek an injunction or writ of mandamus, but initiated this action for damages under 42 USC § 1983 (1982).

Article IV, section 1(5), of the Oregon Constitution provides that the referendum powers are reserved to the "voters of each municipality and district as to all local, special and municipal legislation." Defendant and *amicus curiae* contend that Ordinance No. 18488 was administrative, not legislative, in character, and was not referable.

Oregon cases clearly distinguish the acts of a city council which are subject to the referendum from those which are not.

> "* * * The only acts of the council that are subject to the referendum, by Section 1[(5)], Article IV, are such as come within the term 'municipal legislation.' Legislation as here contemplated must be considered in the sense of general laws, namely, rules of civil conduct prescribed by the lawmaking power and of general application. * * * [T]he law is said to be a rule—not a transient, sudden order to and concerning a particular person, but something permanent, uniform, and universal. * * *" *Long v. City of Portland,* 53 Or 92, 98 P 149, *reh den* 53 Or 99, 100-01, 98 P 1111 (1909).

The Supreme Court applied this test in *Monahan v. Funk,* 137 Or 580, 3 P2d 778 (1931), a case similar to this one. A section of the Portland city charter authorized the issuance

---

[3] ORS 226.320 provides:

"Whenever the municipal authorities determine by ordinance to do so, the city may purchase, acquire, take, use, enter upon and appropriate land and property within or without its corporate limits for the purpose of:

"(1) Public squares, parks, memorial monuments or buildings, pioneer memorials, pioneer museums, memorials and monuments to United States war veterans, sites or buildings for meeting places for such war veterans, auto campgrounds or comfort stations.

"(2) Enlarging any public square, park, auto campground, playground or comfort station."

of bonds and the use of the proceeds to acquire property on which to construct an incinerating plant. To administer that provision of the charter, the city council enacted an ordinance authorizing the purchase of a particular parcel. The plaintiff sought to subject the ordinance to a referendum, and the city auditor refused to accept the referendum petition for filing on the ground that the ordinance was an administrative act not subject to the referendum. The plaintiff then sought a writ of mandamus.

In ordering the dismissal of the writ, the Supreme Court first noted that "[t]he form of the act is not determinative; that is, an ordinance may be legislative in character or it may be administrative. * * *" 137 Or at 584. The court continued:

> "The crucial test, for determining that which is legislative and that which is administrative, is whether the ordinance was one making a law or one executing a law already in existence. * * * The council, in directing the commissioner to purchase a tract of land, was executing that portion of the charter just referred to. If proceedings had been instituted by the city for the condemnation of the real property described, to be used for crematory purposes, it is very doubtful if the referendum petition would have been thought of. The act of purchasing a parcel of real estate is no more legislative than the act of purchasing a fire engine and truck. It is not the enactment of a permanent law for the guidance of the citizens of Portland. * * *
>
> "* * * * *
>
> "When the city of Portland receives the title to the land described in the ordinance and pays the purchase price thereof, the ordinance in question will practically be defunct. It prescribes no rule of civil conduct; it is not permanent, uniform or universal in its application to the general public. It was a carrying out of the business of the council * * *." 137 Or at 585-86.

We find *Monahan* controlling in this case. There is prior municipal legislation, the land use plans, which authorizes the development of a park in the Blair neighborhood. Ordinance No. 18488 only executes the law which already existed. It does not make new law, nor is it of a general character or of permanent duration. Once the property is condemned and compensation paid, the ordinance will have

no more practical effect. Because it is in the nature of an administrative act, Ordinance No. 18488 is not subject to the referendum. For this reason, we hold that the court erred, as a matter of law, in granting plaintiff summary judgment on the issues of the referability of the ordinance and defendant's liability and in denying defendant's motions for summary judgment and to dismiss for failure to state ultimate facts sufficient to constitute a claim.

Reversed and remanded with instructions to enter judgment for defendant City of Eugene.